UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ALEXANDER,            )
                              )
        Plaintiff,            )   Case No. 1:05-cv-663
                              )
v.                            )   Honorable Gordon J. Quist
                              )
MARSHA WILLIAMS,              )
                              )
        Defendant.            )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Bellamy Creek Correctional Facility. In his *pro se* complaint, he sues Marsha Williams, a prison guard at the Bellamy Creek Correctional Facility. Plaintiff alleges that Defendant Williams violated his First Amendment rights by retaliating against him for submitting grievances against the food service staff and Defendant Williams personally.

In February 2004, Plaintiff filed several grievances regarding his work assignments in food services. In Grievances ## IBC-04-2-518-17I and IBC-04-2-601-2Z, Plaintiff grieved that staff allowed prisoners working as lead workers to act as assignment supervisors in violation of Michigan Department of Corrections' policy directives. *See* MICH. DEP'T OF CORR., Policy Directive 03.03.130, ¶ I(4) ("no prisoner ... shall be given control or authority over other prisoners") (effective 2/12/01). The lead workers then complained to Defendant Williams about Plaintiff's work and Plaintiff's filing of grievances against the food services staff. Thereafter, Plaintiff alleges that Defendant Williams abusively ordered him to perform "petty" tasks in food services.

Plaintiff also filed several grievances against Defendant Williams. On May 20, 2004, Plaintiff grieved that Defendant Williams insulted him by using profane language in front of other prisoners (Grievance # IBC-04-5-2110-28D). Also on May 20, 2004, Plaintiff grieved that Defendant Williams falsely accused him of theft, belittled him in front of other prisoners, and labeled Plaintiff as a snitch (Grievance # IBC-04-5-2112-17I).

For filing the aforementioned grievances, Plaintiff claims that Defendant Williams retaliated against him by: (i) refusing to call Plaintiff for overtime work since March 2004; (ii) conspiring with other prisoners to remove Plaintiff from a semi-skilled position to an unskilled position in food services; (iii) filing a negative work evaluation for Plaintiff in July 2004 after Plaintiff received only excellent reports; (iv) passing over Plaintiff for a promotion in August 2004; (v) falsely alleging that Plaintiff threatened another prisoner so that staff placed Plaintiff in administrative segregation in August 2004; (vi) filing a false minor misconduct report after Plaintiff returned from administrative segregation in October 2004; (vii) submitting Plaintiff to daily "shakedowns" in October 2004; and (viii) replacing Plaintiff's cell mate in April 2005 under the

guise that the new cell mate needed a bottom bunk when he had a bottom bunk in his previous cell. After Plaintiff obtained the new cell mate, he found a razor blade in his shoe.

Plaintiff grieved claims (i), (ii), (iii) and (iv) to Step III of the three-step prison grievance process against Defendant Williams. In Grievance # IBC-04-8-3199-2B dated August 1, 2004, Plaintiff raised claims (i), (ii) and (iii). In Grievance # IBC-04-8-3254-17I dated August 6, 2004, Plaintiff raised claim (iv).

For relief, Plaintiff requests punitive damages and injunctive relief.

II.  Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has used the form complaint in this action.

outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims of retaliation may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). As set forth above, Plaintiff filed grievances concerning four of his retaliation claims against Defendant Williams. Plaintiff, however, failed to pursue all of his claims through the grievance process. Plaintiff did not exhaust four of his eight retaliation claims against Defendant Williams through the administrative process. Plaintiff did not exhaust the following four retaliation claims: (i) Defendant Williams falsely alleged that Plaintiff threatened another prisoner in order to place him in administrative segregation; (ii) Defendant Williams filed a false minor misconduct report against Plaintiff; (iii) Defendant Williams subjected Plaintiff to daily "shakedowns" in October 2004; and (iv) Defendant Williams replaced Plaintiff's cell mate under the guise that the new cell mate needed a bottom bunk when he had a bottom bunk in his previous cell. Plaintiff later found a razor blade in his shoe. A civil rights action containing both exhausted and unexhausted claims must be dismissed for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

A plaintiff must pursue all levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Brown*, 139 F.3d at 1103 (6th Cir. 1998) (prisoners "must allege and show that they have exhausted all available state administrative remedies"); *accord Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at *1 (6th Cir. Aug. 13, 1999) (dismissal of claim for lack of exhaustion was appropriate where prisoners failed to complete the review process before bringing their lawsuit); *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *1 (6th Cir. Dec. 17, 1998) ("Furthermore, even though Larkins may not have aborted the grievance procedure regarding the ninth cause of action raised in his complaint, such grievance was not resolved prior to the filing of either his complaint or amended complaint and, consequently, is unexhausted."); *Tucker v. McAninch*, No. 97-3880, 1998 WL 552940, at *2 (6th Cir. Aug. 13, 1998) (plaintiff failed to complete the administrative process when he had grieved and appealed to the warden, but had one more appeal remaining to the director of the department). Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the Michigan

Department of Corrections considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  November 16, 2005               /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE